UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

RONALD MITCHELL, et al.,

                Defendants.

**DECISION AND ORDER**
10-CR-188-A

---

      Defendant Ronald Mitchell has moved to dismiss the Indictment in this case for a violation of his right to a speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. § 3161, *et seq.* (the "Speedy Trial Act" or "Act"). Defendant Mitchell argues that the 70-day period within which his trial was required to begin under § 3161(c)(1) of the Act expired after entry of a Magistrate Judge's pretrial rulings on the ground that no ends-of-justice exclusions of time from the speedy trial calculation were entered pursuant to § 3161(h)(7)(A). The United States opposes defendant's motion to dismiss on the ground that pretrial delay for codefendants' objections and appeals of the Magistrate Judge's pretrial rulings is delay for pretrial motions that is automatically excluded from the speedy trial calculation pursuant to §§ 3161(h)(1)(D) and (h)(6) of the Act and no additional ends-of-justice exclusions of time were necessary to toll the speedy trial clock.

      It is well-settled that § 3161(h)(6) of the Speedy Trial Act provides for one calculation of the 70-day period within which the trial must start that applies to all defendants joined together for trial. *United States v. Pena*, 793 F.2d 486, 489 (2d

Cir.1986) (construing § 3161(h)(7) before it was redesignated § 3161(h)(6) by technical amendment in the Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110-406, § 13(3), 122 Stat. 4291). And it is equally well-settled that, unless a defendant files a motion to be severed from codefendants with whom the defendant is joined together for trial, even unreasonable delay of the defendant's trial resulting from a pretrial motion of a codefendant is automatically excluded from the speedy trial calculation by operation of § 3161(h)(1)(D). *United States v. Vasquez*, 918 F.2d 329, 337 (2d Cir.1990); *see United States v. Tinklenberg*, 131 S.Ct. 2007, 2015 (2011) ("[In *Henderson v. United States*, 476 U.S. 321 (1986)], "the Court rejected the contention that the exclusion for pretrial motions governs only unreasonable delays . . . and [held] that 'the exclusion was intended to be automatic." *quoting Henderson*, 476 U.S. at 327 (1986), *citing Bloate v. United States*, 559 U.S. 196 (2010)).

Defendant Mitchell did not file a motion to be severed from codefendants with whom he was joined for trial because of pretrial delay, and codefendant pretrial motions were pending that automatically excluded time under § 3161(h)(1)(D) of the Act. In these circumstances, the Court finds no ends-of-justice exclusions of time were necessary to exclude delay for hearing and disposition of pretrial motions of codefendants. The Court therefore finds defendant has failed to carry his burden to establish that his right to a speedy trial was violated, and his motion to dismiss the Indictment is denied.

**PRIOR PROCEEDINGS**

On February 1, 2010, defendant Mitchell and 26 codefendants were charged in a criminal complaint alleging defendant knowingly participated in a cocaine-trafficking conspiracy with potential penalties of a 10-year mandatory-minimum term of imprisonment and a maximum term of life imprisonment. Dkt. No. 3.[1] The complaint was attached to a supporting affidavit that was 281 pages long. *Id.*

Defendant Mitchell was produced on a writ for an initial appearance on March 10, 2010, and the presiding Magistrate Judge entered a plea of not guilty on behalf of the defendant. The Magistrate Judge entered a prospective ends-of-justice Speedy Trail Act exclusion pursuant to 18 U.S.C. § 3161(h)(7)(A) through June 30, 2010. Dkt. No. 172.[2]

On June 29, 2010, defendant Mitchell and 22 codefendants were indicted. The Indictment charged three codefendants individually with participating in three separate narcotics-trafficking Continuing Criminal Enterprises in violation of 21 U.S.C. § 848(a) (the "CCE counts"). The Indictment did not charge defendant in any of the CCE counts; he was charged in a single count with conspiracy to

---

[1] The complaint was a second amended complaint. A complaint and the amended complaint, neither of which charged defendant Mitchell, were filed December 19, 2009 and December 21, 2009, respectively. Dkt. Nos. 1, 3.

[2] Defendant Mitchell does not challenge the validity of prospective ends-of-justice exclusions ordered pursuant to § 3161(h)(7)(A) of the Act, so the Court need not summarize findings of the Magistrate Judge supporting those exclusions.

possess with intent to distribute, and to distribute, five kilograms or more of cocaine in violation of Title 21 U.S.C. § 846. That is the same offense he was charged with in the complaint. Other defendants were charged in substantive cocaine-distribution counts in violation of 21 U.S.C. § 841(a), and in counts charging unlawful possession of a firearm in furtherance of drug-trafficking in violation of 18 U.S.C. § 924(c), in addition to the CCE counts.

During a June 30, 2010 arraignment and scheduling conference for a codefendant, a prospective Speedy Trail Act exclusion pursuant to 18 U.S.C. § 3161(h)(7)(A) was entered through November 26, 2010. Dkt. No. 192. A pretrial motions deadline of November 26, 2010 was ordered. *Id.*

Defendant Mitchell was again produced on writ and was arraigned on the cocaine-trafficking conspiracy charge in the Indictment on July 16, 2010. Defendant entered a plea of not guilty. The previously-entered Speedy Trial exclusion and pretrial motions deadline was adopted for defendant. *See* July 16, 2010 Minute Entry.

Some of defendant Mitchell's codefendants filed pretrial motions, *see e.g.*, Dkt. Nos. 249, 250, while others sought additional time to file motions, *see e.g.*, Dkt. Nos. 246, 247. The Magistrate Judge entered an amended scheduling order that extended the time to file pretrial motions until February 4, 2011, and made additional findings to support a prospective Speedy Trail Act exclusion pursuant to 18 U.S.C. § 3161(h)(7)(A) through that date. Dkt. No. 254. Upon a motion by

4

another codefendant, Dkt. No. 297, a second amended scheduling order extended the time to file pretrial motions to April 1, 2011, with additional findings supporting a prospective Speedy Trail Act exclusion pursuant to 18 U.S.C. § 3161(h)(7)(A) through that date. Dkt. No. 308. Earlier-filed pretrial motions by other codefendants remained pending. *See e.g.*, Dkt. Nos. 249, 250.

Defendant Mitchell filed his pretrial motions on March 31, 2011. Dkt. No. 331. Among other pretrial relief, defendant sought severance from trial with the codefendants pursuant to Fed. R. Crim. P. 14(a) on the ground that the trial was expected to include a large amount of inflammatory evidence against the co-defendants which defendant contended would not relate to him and would be unfairly prejudicial to him. *Id.* Defendant did not seek a severance for trial based upon a claim of reasonable delay.

Numerous other pretrial motions were filed by 10 remaining codefendants. *See e.g.,* Dkt. Nos. 252, 333-36. The United States was given additional time to respond to defendants' pretrial motions, with consent of the remaining defendants in the case, *see* Dkt. No. 359, ¶ 8, and oral argument of the pretrial motions was adjourned to June 29, 2011. Dkt. No. 362. Some codefendants, with consent of the United States, sought to have the codefendants' pretrial motions held in abeyance. *See e.g.,* Dkt. Nos. 377, 381. The Magistrate Judge granted the requests and adjusted the schedule for briefing and oral argument. *See e.g.,* Dkt. No. 382.

During oral argument of some codefendants' pretrial motions on June 29, 2011, further proceedings on the pretrial motions, including a suppression hearing, were scheduled. Another codefendant asked the Court to hold his pretrial motions in abeyance. *See* June 29, 2011 Minute Entry.[3] The Magistrate Judge reserved decision on pretrial motions that were submitted at the close of oral argument. *Id.* Hearing a one codefendant's pretrial motions, and a suppression hearing, were adjourned to August 5, 2011. *See* July 28, 2011 Minute Entry. Briefing was ordered at the close of the suppression hearing on August 5, 2011. *See* August 5, 2011 Minute Entry. Further motions to adjourn oral argument of pretrial motions at the request of codefendants were granted to September 29, 2011, *see* Dkt. No. 428, and then to November 28, 2011, *see also,* November 28, 2011 Minute Entry.

Arguments of some codefendants' remaining pretrial motions were scheduled for January 25, 2012. Dkt. Nos. 479, 480. The Magistrate Judge heard argument on those motions on January 25, 2012, and partially reserved decision. *See* January 25, 2012 Minute Entry.

The United States had filed a motion to compel five of the remaining defendants, not including defendant Mitchell, to provide voice exemplars on

---

[3] *See e.g., United States v. Douglas*, 81 F.3d 324, 327 n.1 (2d Cir. 1996) (audibility hearing postponed until day of trial stopped speedy trial clock because hearing "only held in abeyance . . . to allow counsel to come to an agreement on their own").

December 5, 2011.  Dkt. No 476.  Argument on that motion was continued through February 16, 2012, upon a codefendant's motion.  Dkt. Nos. 486-88; *see* February 16, 2012 Minute Entry.

On March 28, 2012, and April 16, 2012, prospective Speedy Trail Act exclusions pursuant to 18 U.S.C. § 3161(h)(7)(A) through April 16, 2012 and May 16, 2012, respectively, were entered based upon the complexity of the pretrial motions that were under advisement with the Magistrate Judge.  Dkt. Nos. 492, 499.

On April 23, 2012, an appeal to the District Court was filed by a codefendant of the Magistrate Judge's order granting the motion of the United States to compel voice exemplars from codefendants.  Dkt. No. 501.  It was later joined by other codefendants.  Dkt. No. 503, 507, 510, 511.  In accordance with a schedule of required filings set by the Court, the United States responded on May 14, 2012.

On May 15, 2012, a final prospective Speedy Trail Act exclusion pursuant to 18 U.S.C. § 3161(h)(7)(A) through June 16, 2012, based upon the complexity of the remaining pretrial motions that were under advisement, was entered by the Magistrate Judge.  Dkt. No. 515.  Orders on numerous discovery-related and other pretrial motions, and Reports and Recommendations, were entered June 15, 2012.  Dkt. Nos. 521-535.  The pretrial motions of defendant Mitchell were decided in an order entered June 15, 2012.  Dkt. No.  532.

Neither defendant Mitchell nor the United States appealed to the District Court the order of the Magistrate Judge resolving of defendant's pretrial motions, including the denial of his motion for a severance on grounds of prejudicial joinder with codefendants for trial. Codefendants of defendant Mitchell did seek, and were granted, additional time to file appeals of the orders and objections to a pending Report and Recommendation. Dkt. Nos. 539, 540, 541, 542. Objections and appeals were filed within the time allowed. *See e.g.,* Dkt. No. 546, 547.

One of defendant Mitchell's codefendants, Julio Manuel de Leon-Navarro, objected to a Report and Recommendation to deny a motion to dismiss the charge of a conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of cocaine in violation of Title 21 U.S.C. § 846 alleged in Count 4 of the Indictment. Dkt. No. 546. Codefendants Eric De Leon-Navarro, Sr., Eric De Leon, Jr., and Javier Santiago joined the objections. Count 4 is the cocaine-trafficking conspiracy count with which the defendant is charged. A schedule of required briefing on the objections of codefendant Julio Manuel de Leon-Navarro was entered that required a reply, or a notice of no reply, due August 3, 2012. Dkt. No. 540. No reply or notice of no reply was filed.

Defendant Mitchell appeared for a status conference before the Magistrate Judge March 13, 2013. The parties noted that Speedy Trial Act time remained excluded pursuant to 18 U.S.C. § 3161(h)(1)(D) due to pending pretrial motions.

8

*See* March 13, 2013 Minute Entry. The Magistrate Judge also entered a prospective exclusion of time through April 16, 2013 pursuant to Title 18 U.S.C. § 3161(h)(7)(A). Dkt. No. 585.

After a status conference appearance by defendant Mitchell on April 16, 2013, another conference was scheduled for June 7, 2013, and the Court entered a another prospective exclusion through June 7, 2013 pursuant to Title 18 U.S.C. § 3161(h)(7)(A). *See* April 16, 2013 Minute Entry. That appearance was adjourned to July 2, 2013 and a prospective exclusion of time through July 2, 2013 entered. Dkt. No. 581.

During the preceding months, various other pretrial motions were filed by the parties. *See e.g.*, Dkt. Nos. 573, 583, 587. Defendant Mitchell filed no pretrial motions and no objections or appeals to the District Court. Despite the delay of his trial, defendant filed no motion to sever his trial from trial with the codefendants with whom he was joined based upon a claim of an unreasonable delay attributable to proceedings pending with respect to codefendants.

Defendant Mitchell filed a motion to dismiss the Indictment for a Speedy Trial Act violation on July 12, 2013. The hearings on objections of codefendants to a Report and Recommendation, and of appeals of codefendants of a Decision and Order were held July 23, 2013 and the objections were taken under advisement on that date. Defendant argues that the lengthy delay from entry of the Magistrate Judge's Report and Recommendations, and a later Decision and

9

Order, until the matters were taken under advisement, without the entry of any prospective exclusions of time pursuant to § 3161(h)(7)(A) of the Speedy Trial Act, was delay not excluded from the 70-day period within which his trial was required to begin under § 3161(c)(1) of the Act. *See* Dkt. No. 600 (incorporating by reference Dkt. No. 593).

## DISCUSSION

In general, the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, requires the trial of a defendant to start within 70 days after the defendant is charged or makes an initial appearance. Act at § 3161(c)(1). The Act excludes from the 70-day speedy trial clock periods of delay attributable to a number of specified events and circumstances, some of which are triggered automatically. *See* § 3161(h)(1) - (6).

Section 3162(a)(2) of the Act provides that, if the 70-day speedy trial clock is violated, the charges "shall be dismissed on motion of the defendant." A defendant filing a motion to dismiss charges bears the burden of proving a violation of the Act. *Id.*; *United States v. Adams*, 448 F.3d 492, 503 (2d Cir. 2006).

In *Zedner v. United States*, the Supreme Court observed that:

> the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases. To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must

> start. *See* § 3161(h). For example, the Act excludes "delay resulting from other proceedings concerning the defendant," § 3161(h) ( [1] ), "delay resulting from the absence or unavailability of the defendant or an essential witness," § 3161(h)(3)(A), "delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial," § 3161(h)(4), and "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted," § 3161(h) ( [6] ).

547 U.S. 489, 497–99 (2006). Defendant Mitchell's motion to dismiss the Indictment in this case disregards that a "reasonable period of delay" is excluded from the speedy trial clock "when a defendant is joined for trial with a co-defendant for whom the time for trial has not run and [when] no motion for severance has been granted." Act at § 3161(h)(6). Defendant made no motion for severance based upon unreasonable delay due to any proceedings involving codefendants.

Pursuant to § 3161(h)(1)(D), the Speedy Trial Act also automatically excludes all periods of delay:

> resulting from other proceedings concerning the defendant, including but not limited to . . . delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

*Id.; Henderson v. United States*, 476 U.S. 321, 327 (1986). This "any pretrial motions" exclusion generally exempts all time between the filing of a motion and the point at which all submissions on the motion are made to the court, or a

11

hearing concluded, regardless whether the delay is reasonable. *Henderson*, 476 U.S. at 326-32 (1986), *accord United States v. Tinklenberg*, 131 S.Ct. 2007, 2015 (2011). A related provision of the Act excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." § 3161(h)(1)(H).

As mentioned above, § 3161(h)(6) of the Act automatically excludes from the 70-day speedy trial clock "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id.* When read together, the pretrial motions exclusion of § 3161(h)(1)(D) and the codefendant proceedings exclusion of § 3161(h)(6) of the Act mean that "cases involving multiple defendants are governed by a single speedy trial clock, which begins to run with the clock of the most recently added defendant, and . . . delay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants." *United States v. Pena*, 793 F.2d 486, 489 (2d. Cir. 1983); *accord United States v. Vasquez*, 918 F.2d 329, 337 (2d. Cir. 1990) (§ 3161(h)[6] "imposes a unitary time clock on all co-defendants joined for trial"); *United States v. Piteo*, 726 F.2d 50, 52 (2d. Cir. 1981). Because defendant Mitchell did not move to sever his trial from his codefendants' trial due to delays attributable to codefendants' pretrial motions, the automatic exclusion § 3161(h)(1)(D) of the Act triggered by codefendants' pretrial motions is applicable to defendant and he is

12

unable to establish a violation of the Speedy Trial Act.

As defendant Mitchell recognizes, a trial "delay resulting from a continuance," § 3161(h)(7)(A), may be excluded from the speedy trial clock, but the prospective Speedy Trial Act exclusion is not automatic, and a court is specifically required, after considering certain factors, to "make[] on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial." *Zedner v. United States*, 547 U.S. 489, 498-99 (2006); *see also* Act at § 3161(h)(7)(B) (list of factors a court may consider in deciding whether to prospectively stop the speedy trial clock to further "ends of justice"). Defendant argues that all delays since entry of the Report and Recommendation and Decision and Order must be counted against the speedy trial clock, even though objections and a appeal were pending, and that the 70-day clock was violated because no ends-of-justice exclusion pursuant to § 3161(h)(7)(A) of the Act was entered. Dkt. No. 600 (incorporating by reference grounds stated at Dkt. No. 593 on behalf of codefendant). The defendant raises no other ground in support of his motion to dismiss the Indictment based upon a violation of the Speedy Trial Act. *Id.*

However, defendant Mitchell disregards the objections of codefendants to a Report and Recommendation not to dismiss Count 4 of the Indictment and codefendant appeals of a Decision and Order. *See* Dkt. Nos. 546, 501, 503, 507,

510-11.[4] Defendant does not argue that delay attributable to objections and appeals of a Magistrate Judge's pretrial rulings are not automatically excluded from the speedy trial clock for "pretrial motions" pursuant to § 3161(h)(1)(D). Instead, he relies solely on the unreasonable delay after his pretrial motions were decided by the Magistrate Judge, as if delay after those rulings may alone establish a violation of his speedy trial right as a matter of law. Dkt. No. 600.

In *United States v. Vasquez*, 918 F.2d 329 (2d Cir. 1990), the Second Circuit held that, although subsection (h)[6] requires that periods of delay attributable to a codefendant be "reasonable," a defendant cannot challenge the reasonableness of a delay unless he has first made a severance motion. *Vasquez*, 918 F.2d at 336. The Court concluded that the threshold requirement that a defendant move for a severance is necessary to guard against "the possibility that a defendant might acquiesce in unreasonable pretrial delays of a codefendant and then belatedly seek the 'reasonableness' protection of subsection (h)[6] in order to obtain dismissal of the indictment." 918 F.2d at 337; *see also United States v. Cephas,* 937 F.2d 816, 822 (2d Cir. 1991) ("[T]he duty to inquire into whether a delay caused by a co-defendant is reasonable is

---

[4] Defendant disregards other intervening pretrial motions of codefendants, *see e.g.*, Dkt. Nos. 573, 583, 587, and disregards some ends-of-justice exclusions of time that were entered pursuant to § 3161(h)(7)(A), *see e.g.*, Dkt. Nos. 581, 585. *But see* March 13, 2013 Minute Entry (defendant took the position the pretrial-motions exclusion pursuant to § 3161(h)(1)(D) was in effect before hearings were held on codefendant objections to the Report and Recommendation and Decision and Order).

triggered only when the defendant has sought severance from the particular defendant who is responsible for the delay at issue." *Id.*).[5] Because defendant Mitchell made no motion for his trial to be severed from the trial of codefendants with whom he was properly joined for trial, his motion to dismiss the Indictment on the basis of a Speedy Trial Act violation is denied.

## CONCLUSION

For all the reasons stated above, the motion of defendant Ronald Mitchell to dismiss the Indictment pursuant to § 3162(a)(2) of the Speedy Trial Act is denied. Jury selection and trial will proceed as scheduled.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 4, 2013

---

[5] The Second Circuit declined to reconsider the holding of *Vasquez* that a severance motion is required to challenge the reasonableness of pretrial delays attributable to a codefendant in an unreported summary order in 2010. *United States v. Gonzalez,* 399 Fed. App'x. 641, 644, 2010 WL 4342192, *2 (November 3, 2010). The Court of Appeals stated that "the making of the motion [to sever] is important to give notice of a defendant's claim of speedy trial prejudice and to avoid gamesmanship in agreeing to delays that are later challenged. *Id.*, (*citing Vasquez*, 918 F.2d at 337).